A02A0928. IN RE MORRIS COMMUNICATIONS COMPANY.
(573 SE2d 420)

SMITH, Presiding Judge.

This appeal addresses issues concerning the reporter's privilege provided by OCGA § 24-9-30. Teresa Stepzinski, a staff writer for *The Georgia Times-Union* in Brunswick, was subpoenaed to testify in the robbery trial of Chanthony Andrews. The State sought her testimony to authenticate two articles written by her and to show that the articles were the only ones published about the robbery. Morris Communications Company, the newspaper's publisher, filed an emergency motion to quash the subpoena, which was denied following a hearing. Morris appeals. Because we conclude that the qualified privilege afforded by OCGA § 24-9-30 was waived by publication of the two articles, we affirm.

The facts involved in this appeal are not disputed. The first of two articles written by Stepzinski concerning the robbery of a Glynn County business recited that robbers stole the clerk's wallet and "an undisclosed amount of money" from the business. A follow-up article recited that Chanthony Andrews was charged with one count of robbery in connection with the incident. After a subpoena was issued to Stepzinski, the newspaper filed a motion to quash on the ground that her testimony was protected by OCGA § 24-9-30.

During the hearing on the motion to quash, the prosecutor stated he was not "trying to get to the reporter's notes or any information that was not actually published." Instead, he sought Stepzinski's testimony to lay a foundation for admissibility of the articles and to establish that the articles were the only ones published concerning the robbery. The prosecutor contended that Andrews made a custodial statement to the police "that he would not have committed this crime for just $300." In the State's brief on appeal, it more explicitly states that during an interview with a particular detective, Andrews "asked him why he would rob somebody for $300.00 and said that he read in a newspaper that $300.00 was stolen." According to the prosecutor, because the published news articles did not reveal the amount of money stolen, and because the dollar figure allegedly mentioned by Andrews "was very close [in] amount to that which was

actually taken," the reporter's testimony was relevant to show that "Andrews had some knowledge of this crime other than what was in the paper." The prosecutor similarly argued that the testimony showed that Andrews had "a certain amount of knowledge that he could only have gathered if he had some knowledge of the crime itself, some involvement in the crime other than simply reading the newspaper."

The trial court denied the motion to quash, ruling that the reporter's privilege afforded by OCGA § 24-9-30 did not apply, given the narrow purposes for which the State sought Stepzinski's testimony. The trial court limited its ruling to these purposes, stating that "at the time of the proffer . . . the Court will have to make a determination in the context of the facts and circumstances in evidence as to whether [Stepzinski's testimony is] material and relevant. But so far as the privilege is concerned, I have to decide that this privilege is not intended to apply to a situation like this." We find no basis for reversal.

Under OCGA § 24-9-30, as long as the reporter asserting the privilege is not a party to the legal proceeding in which the information is sought, he or she has "a qualified privilege against disclosure of any information, document, or item obtained or prepared in the gathering or dissemination of news." The statute also provides, however, that this privilege can be waived. Id. Although the courts of this State have rarely addressed the issue of waiver in the context of the reporter's privilege, the Supreme Court of Georgia has stated that with respect to "information already publicly disclosed" in a news article, the privilege is waived. *Stripling v. State*, 261 Ga. 1, 9 (13) (401 SE2d 500) (1991). Similarly, in *In re Paul*, 270 Ga. 680, 686 (513 SE2d 219) (1999), the Supreme Court stated that waiver of the privilege may occur when the reporter publishes confidential information or voluntarily testifies. In *Paul*, the Court found the privilege applicable when the State sought unpublished information from a reporter concerning his jailhouse interview with the criminal defendant, concluding that publication of part of the information gathered by the reporter "does not waive the privilege as to all of the information gathered on the same subject matter." Id. As a result, even though the reporter published a newspaper article concerning his interview, he was not required to disclose "his confidential sources and unpublished information." Id.

Here, however, the State does not seek substantive, confidential, or unpublished information, nor is the State asking that Stepzinski comment on the content of the articles. Instead, the State seeks testimony related to published information only, and even then, the State desires to elicit extremely limited testimony: that Stepzinski authored the articles and that they were the only two articles pub-

lished by her newspaper. Contrary to the newspaper's argument, such a limited inquiry should have no "chilling effect" on the free flow of information and seems to be the type of information subject to the waiver exception provided by the statute and discussed in *Paul*, supra, and *Stripling*, supra. We do not agree with the newspaper that this result eviscerates the privilege or constitutes a tortured reading of the statute. The statute explicitly provides that the privilege can be waived. To hold that the limited testimony sought by the State is privileged would render the waiver language meaningless and could result in the elimination of any reporter's testimony, no matter what type of information is sought. By its terms, however, the privilege is *qualified*, not absolute.

The trial court narrowly tailored its ruling concerning the news articles, stating that it would revisit the issue at the appropriate time at trial and would determine whether Stepzinski's testimony was relevant and material. It is obvious that the trial court did not intend to permit further inquiry than that discussed by the State during the hearing on the motion to quash. Given the trial court's careful consideration, in addition to the explicit language of the privilege statute and the authority provided by *Stripling*, supra, and *Paul*, supra, we cannot say that the trial court erred in refusing to quash the subpoena issued by the State.

*Judgment affirmed. Eldridge and Ellington, JJ., concur.*

DECIDED OCTOBER 24, 2002

*Hull, Towill, Norman, Barrett & Salley, David E. Hudson, Holland & Knight, Katherine N. Lewis*, for appellants.

*Stephen D. Kelley, District Attorney, Charles K. Higgins, Assistant District Attorney*, for appellee.